UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JERMAINE D. HEFLIN,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

Case No. 1:24-cv-522

Honorable Phillip J. Green

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge.  (ECF No. 1, PageID11.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is required to conduct this initial review prior to the service of the complaint.  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint as duplicative of another complaint he filed in this Court, rendering the present complaint frivolous.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.  **Factual Allegations**

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the MDOC, MDOC Director Heidi Washington, MDOC CFA Director Jeremy Bush, MDOC Deputy Director Cindy Dodds-Dugan, MCF, MCF Warden James Schiebner, MCF Deputy Warden Jeanine Winger, MCF Assistant Deputy Warden J. Kludy, Administrative Law Judge Unknown Jollands, MCF Grievance Coordinator C. Barnes, and MCF Corrections Officer A. Stevens. Plaintiff sues the individual defendants in their respective official and personal capacities

Plaintiff alleges that on November 14, 2023, there was an incident in Plaintiff's cell involving Corrections Officer Unknown VanderWiel, Corrections Officer Unknown Jones, Plaintiff, Plaintiff's bunkmate, and Corrections Officer A. Stevens, related to a clear bag of dark colored liquid. (Compl., ECF No. 1, PageID.5.) That bag of liquid was deemed to be within Plaintiff's area of control and, as a result, formed the basis for a Class I misconduct report for substance abuse authored by Defendant Stevens. (*Id.*, PageID.5–6; Misconduct Report, ECF No 1-1, PageID.22.)

On December 6, 2023, Administrative Law Judge Jollands conducted a hearing on the misconduct. Jollands found Plaintiff not guilty, (Misconduct Hr'g Report, ECF No. 1-1, PageID.23–24). Nonetheless, the bag-of-liquid misconduct appears to be the foundation for all of Plaintiff's claims against the Defendants.

Plaintiff filed a grievance against Defendant Stevens on November 18, 2023. (Grievance, ECF No. 1-1, PageID.17–21.) Plaintiff claims that, thereafter, Defendant Stevens "began to insert herself into situations that did not concern her . . . ." (Compl., ECF No. 1, PageID.7.) Plaintiff contends that one of those situations resulted in Defendant Stevens writing a minor misconduct report against Plaintiff on February 20, 2024, for refusing to submit to being handcuffed. (*Id.*; Misconduct Report, ECF No. 1-1, PageID.29.) Plaintiff was found guilty of disobeying a direct order. (Misconduct Hr'g Report, ECF No. 1-1, PageID.30, 34.)

Defendant Stevens again inserted herself into a situation on January 3, 2024. Plaintiff was challenging Corrections Officer VanderWiel because he "trashed" Plaintiff's legal materials during a cell shakedown. (Grievance, ECF No.1-1, PageID.35–40.) Defendant Stevens "inserted herself into the situation without cause, squinting her face while referring to [Plaintiff] as, 'You fucking black guy.'" (*Id.*, PageID.35.)

Plaintiff contends that Defendant Stevens is liable for the initial false misconduct relating to the bag of liquid and then for retaliating against Plaintiff for filing a grievance about it. All the other Defendants are liable for "Supervising FAILURE(S)." (Compl., ECF No. 1, PageID.12.) Plaintiff asks the Court to award compensatory and punitive damages.

At the same time Plaintiff filed the instant complaint, he also filed a complaint under the caption *Heflin v. Mich. Dep't of Corr.* (*Heflin II*), No. 1:24-cv-523 (W.D. Mich.). The *Heflin II* complaint names all of the Defendants named in this suit

5

except, rather than naming Corrections Officer Stevens, Plaintiff names Corrections Officer VanderWiel as a defendant. Compl., *id.* (ECF No. 1, PageID.2). The complaint in *Heflin II* certainly goes beyond the facts alleged in this case, but it also encompasses the factual allegations from this case. Starting at page 11 of the *Heflin II* complaint, Plaintiff alleges the bag-of-liquid events from November 14, 2023, the issuance of the misconduct report, the misconduct hearing, the "not guilty" finding, the grievance regarding the misconduct "fraud," the retaliation and abuses of authority by Officers VanderWiel and Stevens, and all of the supervising failures by the other Defendants relating to the actionable conduct of VanderWiel and Stevens. Compl., *id.* (ECF No. 1, PageID.11–14, 17.) Plaintiff seeks the same relief in *Heflin II* as he seeks in this case.

## II.   Duplicative Complaints

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). As part of the court's inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of

concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from another filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was

7

duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

The claims raised in this case are factually identical to some of the claims Plaintiff raises in *Heflin II*. Although Officer Stevens is named as a defendant in this suit and she is not named in *Heflin II*, all of Plaintiff's claims in this suit are duplicated in *Heflin II*. Thus, considering the substantial similarities between the legal claims and factual allegations in the present action and in *Heflin II*, the Court concludes that the present complaint is duplicative of the complaint in *Heflin II* with regard to all of Plaintiff's present claims. Accordingly, pursuant to the Court's inherent power and the screening provisions of the PLRA, the Court will dismiss the present action as duplicative and frivolous.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed as duplicative and, therefore, frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal

would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  October 10, 2024                            /s/ Phillip J. Green
                                                              PHILLIP J. GREEN
                                                              United States Magistrate Judge